IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANA LUISA ESPANA ESTRADA, )
)
        Plaintiff, ) Civil Action No. 1:19cv0144 (AJT/JFA)
)
v. )
)
BARROSO, INC., *et al.*, )
)
        Defendants. )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on a motion for default judgment filed by Anna Luisa Espana Estrada ("plaintiff") against defendants Barroso, Inc., Rolando Juarez, and Karen Barroso[1] (collectively "defendants"). (Docket no. 11). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On February 6, 2019, plaintiff filed this action against defendants alleging violations of the Fair Labor Standards Act ("FLSA"). (Docket no. 1) ("Compl."). On February 11, 2019 and February 12, 2019, plaintiff filed two executed returns of service, one as to Karen Barroso individually and one as to Barroso Inc. through its registered agent, Karen Barroso, both indicating that a process server had posted the summons and complaint at Barroso's residence on February 8, 2019. (Docket nos. 4, 5). On February 15, 2019, plaintiff filed an executed return

---

[1] Although the spelling of defendants Barroso, Inc. and Karen Barroso have varied on the docket sheet and in some of the documents filed in this case, the court understands the spelling included in this proposed findings of fact and recommendation to be correct, and that any variation in the spelling of these names in any filings, including a reference to defendant Karen Bosco (Compl. ¶ 11), refers to the defendants named in this action.

of service that indicated that Rolando Juarez was personally served with a copy of the summons and complaint on February 12, 2019 both as an individual defendant and as owner of Barroso, Inc. (Docket no. 6).

On February 15, 2019, plaintiff requested that the docket sheet be updated to reflect the correct spelling of Karen Barroso and Barroso, Inc. (Docket no. 7), which the court ordered on March 11, 2019 (Docket no. 8). On March 20, 2019, plaintiff filed a request for entry of default as to all defendants and served a copy of that request on defendants. (Docket no. 9). The affidavit filed with the request certified that plaintiff had a mailed a copy of the posted service to Barroso. (Docket no. 9-1 ¶ 2). The Clerk of Court entered default against all defendants for failure to plead or otherwise defend on March 26, 2019. (Docket no. 10). Plaintiff filed her motion for default judgment (Docket no. 11) with a *Roseboro* notice (Docket no. 11-4) later that day and noticed the motion for a hearing on May 3, 2019 (Docket no. 12). On April 1, 2019, plaintiff filed amended returns of service providing for a corrected address at which Barroso and Barroso, Inc. were served. (Docket no. 13). At the hearing on May 3, 2019, counsel for plaintiff appeared, but no one appeared on behalf of defendants.

### **Factual Background**

The following facts are established by the complaint (Docket no. 1) ("Compl."). Karen Barroso and Rolando Jaurez are both residents of Arlington County, Virginia who own Barroso, Inc., a Virginia corporation with its principal place of business in Arlington County. (Compl. ¶¶ 1-4). Barroso and Juarez jointly operate Guajillo Mexican Grill ("Guajillo") and another restaurant located in Arlington, Virginia, and formerly operated a restaurant located in Washington, D.C. (Compl. ¶ 5).

2

Beginning in the spring of 2005, plaintiff worked as a cook at Guajillo. (Compl. ¶ 11). Until June 2009, plaintiff worked five days per week from 10:00 a.m. until 4:00 p.m. (Compl. ¶ 11). Beginning in June 2009, plaintiff began working from 9:00 a.m. until between 11:00 p.m. and 1:00 a.m. (Compl. ¶ 11). She was directed to work off the clock for one hour per week and did not punch in until 10:00 a.m. on Tuesdays. (Compl. ¶ 11). She punched out at midnight on days she was working past 11:00 p.m., but she was required to continue cleaning the kitchen once she was off the clock. (Compl. ¶ 11). From June 2009 until some point in 2012, she worked Sunday through Wednesday from 9:00 a.m. through 11:00 p.m., and Thursday through Saturday from 9:00 a.m. until 1:00 a.m., although she was instructed to punch out at midnight but continue cleaning off the clock. (Compl. ¶ 11). In 2012, she stopped working regularly on Sundays but would occasionally work on Sundays. (Compl. ¶ 11). She would sometimes begin work at 8:00 a.m. when there were parties, and she would be taken to work at other restaurants owned by defendants. (Compl. ¶ 11). She worked every week without taking a day off for a total of seventy-five hours per week. (Compl. ¶ 11). She was not paid an overtime rate for the hours worked over forty in a work week. (Compl. ¶ 11).

At no point did defendants post any information informing their employees of the federal overtime compensation requirements, the remedies available to them if defendants failed to meet those requirements, or the prohibition against discrimination or retaliation for filing a complaint or participating in a proceeding to recover unpaid wages. (Compl. ¶¶ 12-14). Defendants told plaintiff that she was not entitled to overtime payments and omitted some hours worked from plaintiff's paychecks to conceal the number of hours she worked each week. (Compl. ¶¶ 15-16). In 2010, when plaintiff complained to Jaurez about working numerous double shifts in a

row, Juarez told plaintiff that defendants did not pay overtime. (Compl. ¶ 13). On other occasions, he joked about how her forgetting to punch in benefitted him. (Compl. ¶ 17).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against the action, the Clerk of Court has entered a default as to defendants. (Docket no. 10).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Similarly, 28 U.S.C. § 1337(a) provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The

FLSA itself also states that any action to recover unpaid overtime wages may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Because this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. This court also has personal jurisdiction over defendants. As stated in the complaint, defendants are citizens of Virginia and conduct business in Virginia, and the underlying conduct occurred in Arlington, Virginia. (Compl. ¶¶ 1-5, 11). For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendants, and that venue is proper in this court.

## Service

An individual within a judicial district of the United States may be served pursuant to state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). An individual may also be served by delivering a copy of the summons and complaint to the individual personally. Fed. R. Civ. P. 4(e)(2). Under Virginia law, if an individual cannot be personally served and a copy of the process cannot be left with a family member other than a "temporary sojourner or guest" 16 years or older, a party may post a copy on the main entrance of the individual's place of abode. Va. Code Ann. § 8.01-296(2)(b) (2018). However, the party posting the process must mail a copy of the process to the individual served by posting at least ten days before default judgment is entered and file a certificate of that mailing with the Clerk of Court. *Id.*

A corporation may be served pursuant to state law or "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).

5

Virginia law allows service on a corporation "[b]y personal service on any officer, director, or registered agent of such corporation," or, "[i]f the address of the registered office of the corporation . . . is a single-family residential dwelling, by substituted service on the registered agent . . . in the manner provided by subdivision 2 of § 8.01-296." Va. Code Ann. § 8.01-299(1), (3).

On February 7, 2019, the Clerk of Court issued summons for service on Karen Barroso at 31212 Hallran Road, Falls Church, Virginia 22042, and on Rolando Juarez at 9707 Kings Crown Court, Fairfax, Virginia 22031. (Docket no. 3). The Clerk of Court also issued a summons for service on Barroso, Inc. through its registered agent, Karen Barroso, and the address provided on that summons was the same as that for Karen Barroso in her individual capacity. (*Id.*). The returns of service as to Barroso and Barroso, Inc. filed on February 11, 2019 and February 12, 2019, respectively, both indicate that the process server posted the summons and complaint at the address listed on the summonses, a residence, on February 8, 2019, because a female at the home stated that Barroso was not available and that the individual could not open the door.[2] (Docket nos. 4, 5). Matthew T. Sutter's affidavit in support of plaintiff's application of default, filed on March 20, 2019, states that a copy of the summons and the complaint were also mailed to Barroso at the same time plaintiff filed her request for entry of default. (Docket no. 9-1 ¶ 2). The return of service filed on February 15, 2019 indicates that a private process server personally

---

[2] The address listed on the original executed returns of service, 31212 Hallran Road, Falls Church, Virginia 22042, was not consistent with the address listed for Barroso on the certificates of service in other pleadings. On April 1, 2019, plaintiff filed amended returns of service as to Barroso and Barroso, Inc., indicating that process was posted at 3212 Hallran Road, Falls Church, Virginia 22042. (Docket no. 13). This amended address is consistent with the address listed for Barroso and Barroso, Inc. in the certificates of service in subsequent pleadings, with the exception of the last number in the zip code. The certificates service indicate that the pleadings have been mailed to 3212 Hallran Road, Falls Church, Virginia 22041. An internet search reveals that a separate residence with the same address does not exist in the zip code 22042, so it appears that this error is harmless. All other details included in the returns of service remained the same as in the originals.

served Jaurez on February 12, 2019 at 1727 Wilson Boulevard, Arlington, Virginia 22209 in his individual capacity and as owner of Barroso, Inc. (Docket no. 6).

Based on the foregoing, the undersigned recommends a finding that defendants were properly served with the summons and complaint and had notice of this action.

### Grounds for Entry of Default

On March 20, 2019, plaintiff requested an entry of default as to Barroso, Inc., Rolando Juarez, and Karen Barroso. (Docket no. 9). The affidavit accompanying the request for entry of default indicated that plaintiff mailed a copy of the summons and the complaint to Barroso, individually and as registered agent of Barroso, Inc., to perfect service by posting. (Docket no. 9-1). On March 26, 2019, the Clerk of Court entered default against defendants for failure to plead or otherwise defend. (Docket no. 10). Later that day, plaintiff filed a motion for default judgment (Docket no. 11) and noticed the hearing for May 3, 2019 (Docket no. 12). The motion for default judgment included the *Roseboro* notice required pursuant Local Civil Rule 7(K) (Docket no. 11-4) and a certificate of service stating that defendants were served with these pleadings (Docket no. 11 at 7; Docket no. 12 at 2). No opposition has been filed by defendants, and no one appeared on behalf of defendants at the hearing on May 3, 2019.

Accordingly, the undersigned magistrate judge recommends a finding that defendants were properly served, that they failed to file a responsive pleading in a timely manner, that the Clerk of Court properly entered a default as to defendants, and that defendants had notice of these proceedings.

## Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

As alleged in the complaint, defendants willfully violated certain provisions of the FLSA. (Compl. ¶¶ 18-34). For each hour worked in excess of forty hours per week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1.5) times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a). As set forth in plaintiff's motion for default judgment, plaintiff seeks $101,920.00 in unpaid overtime compensation, an equal amount of liquidated damages, $8,075.00 in attorney's fees, and $500.00 in costs for unpaid wages since 2005,[3] or, in the alternative, $38,220.00 in unpaid overtime compensation for 156 weeks (three years), an equal amount of liquidated damages, $8,075.00 in attorney's fees, and $500.00 in costs. (Docket no. 11 ¶¶ 8, 11).

**Violation of the Overtime Provision of the FLSA**

To establish a violation of the FLSA for non-payment of overtime wages, plaintiff must show that: (1) the employee was employed by the defendant; (2) the employee was engaged in commerce or in the production of goods for commerce; (3) the employee worked over forty hours per work week; (4) the employee was not compensated at a rate of 1.5 times her regular rate for each hour worked in excess of forty hours for each work week; and (5) none of the exemptions in 29 U.S.C. § 213 applied to the employee's position. *See* 29 U.S.C. § 207.

---

[3] Plaintiff states in her motion for default judgment that the wages she seeks go back to 2005 (Docket no. 11 ¶ 9), but the complaint only establishes that she worked for six hours a day, five days a week from spring 2005 until June 2009 (Compl. ¶ 11), and plaintiff seeks an award of unpaid overtime wages, not unpaid regular wages (Docket no. 11 ¶ 1). Therefore, it is not clear what wages plaintiff is referring to between 2005 and June 2009. However, because the recommended award does not include wages for hours worked between 2005 through 2009, the undersigned does not address the discrepancy between the overtime hours plaintiff worked during that time period as established by the complaint and the amount requested in her motion for default judgment.

The facts set forth in the complaint, as clarified by plaintiff's affidavit in support of her motion for default judgment, establish that defendants employed plaintiff. At all relevant times, individual defendants controlled and operated corporate defendant, which generated gross revenues exceeding $500,000.00. (Compl. ¶¶ 3-5, 9). Plaintiff worked at defendants' restaurant from spring 2005 through July 11, 2017. (Compl. ¶¶ 7, 11; Docket no. 11-2 at 1). Defendants paid plaintiff $14.00 per hour, although her paychecks did not always reflect all the hours she worked. (Compl. ¶ 11). Accordingly, at all times relevant to this action, defendants were plaintiff's employer for purposes of the FLSA. (Compl. ¶¶ 2-6, 9).

Plaintiff was also an employee engaged in commerce under 29 U.S.C. § 207. (Compl. ¶¶ 7, 9, 11). Plaintiff worked regularly as a cook at Guajillo, defendants' restaurant, and she periodically worked at defendants' other restaurants. (Compl. ¶¶ 7, 11). From at least June 2009, plaintiff worked 75 hours per week. (Compl. ¶ 11). Plaintiff alleges that defendants did not pay her the overtime rate for the hours she worked exceeding forty hours per work week. (Compl. ¶¶ 11, 13, 21-23). Finally, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to plaintiff, and she appears to be a covered employee entitled to the protections of the FLSA. *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exception.").

Plaintiff seeks $101,920.00 in unpaid overtime wages from spring 2005 until July 11, 2017 based on defendants' failure to pay an hourly rate of 1.5 times their employees' regular rate of pay for hours worked over forty in a work week. (Docket no. 11 ¶¶ 8-9; Docket no. 11-2 at 1). In the alternative, plaintiff seeks $38,220.00 for three years of unpaid overtime wages. (Docket no. 11 ¶ 8). Plaintiff calculates the unpaid wages based on a rate of $14.00 per hour.

(Compl. ¶ 11). Based on that hourly rate, plaintiff was entitled to an overtime premium of $21.00 per hour ($14.00 per hour x 1.5). Instead, defendants paid plaintiff $14.00 per hour worked and did not pay plaintiff any overtime compensation. (Compl. ¶¶ 11, 21-23).

The statute of limitations for an FLSA claim is two years. 29 U.S.C. § 255(a). The FLSA extends that statute of limitations to three years for willful violations. *Id.* Plaintiff's complaint alleges that defendants willfully violated the FLSA overtime provision (Compl. ¶¶ 29-34), so the three-year statute of limitations applies. Plaintiff was working more than 40 hours per week until she resigned from her job on July 11, 2017 (Docket no. 11-2 at 1), and she filed her complaint less than three years later (Compl.). Therefore, her complaint was timely filed, and plaintiff is entitled to recovery under the FLSA.

However, in her motion for default judgment, plaintiff requests that the court apply the doctrine of equitable tolling to permit extending the statute of limitations beyond the three-year willful violation period so that plaintiff may recover all overtime wages defendants failed to pay throughout plaintiff's employment with them. (Docket no. 11 ¶¶ 8-9). In the alternative, plaintiff seeks a full three years of unpaid overtime wages and an equal amount in liquidated damages. (*Id.* ¶ 8). Courts do apply the doctrine of equitable tolling to allow a plaintiff to bring an FLSA claim outside that limitations period in limited circumstances. *See Cruz v. Maypa*, 773 F.3d 138 (4th Cir. 2014). For example, the Fourth Circuit has applied equitable tolling for the filing of an action when an employer has willfully failed to post the statutory notice of its employees' rights. *See id.* at 146-47. However, courts apply the doctrine to determine whether plaintiff timely filed a complaint, and courts have not applied the doctrine to expand the amount of damages plaintiff is entitled to receive under the statute. *See id.*; *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014); *Vance v. Whirlpool Corp.*, 716 F.3d 101,0,

1011-1013 (4th Cir. 1983); *Santamaria*, No. 1:15-cv-00259 (LMB/IDD), 2015 WL 13035523, at *3 (E.D. Va. Dec. 28, 2015). On motions for default judgment, the court has an obligation to look at and award what is legally required. Before applying the doctrine of equitable tolling, the undersigned finds that the statute of limitations bars plaintiff from recovering any unpaid overtime wages for hours worked before February 6, 2016.[4] The complaint establishes, though, that defendants willfully failed to post or make available information regarding his employees' legal rights under federal law and willfully misinformed plaintiff that she was not entitled to be paid overtime hours at the federally required overtime rate. (Compl. ¶¶ 13-15). As a result, the undersigned finds that the doctrine of equitable tolling applies, and that plaintiff is entitled to the full three years of recovery for willful violations under the statute.

Therefore, plaintiff is entitled to unpaid overtime wages for a total of 156 weeks (52 weeks/year x 3 years). Plaintiff states that she worked 75 hours per week at a promised rate of $14.00 per hour, but that the paycheck she received showed less than what she clocked in and worked. (Compl. ¶ 11; Docket no. 11-2 at 1). Plaintiff also states that defendants did not pay her the overtime rate for any overtime hours she worked. (Compl. ¶ 11, 13, 21-23; Docket no. 11-2 at 1). Accordingly, the undersigned recommends an award of unpaid overtime wages in the

---

[4] Plaintiff also included with her motion for default judgment a November 14, 2018 email exchange between plaintiff's counsel and an attorney who has represented defendants in the past but who did not enter an appearance in this case. (Docket no. 11-1). In that email exchange, counsel agreed to toll the statute of limitations while they explored the financial positions of defendants. (*Id.* at 1). This agreement does not affect the recommended award of unpaid overtime wages. Plaintiff began working for defendants in spring 2005 and was not paid the overtime rate from June 2009 through the date of her resignation on July 11, 2017. (Compl. ¶ 11; Docket no. 11-2 at 1). As discussed above, plaintiff timely filed her complaint (Docket no. 1), so any tolling agreement in this case could only impact the amount of unpaid wages awarded to plaintiff.

Before tolling the statute of limitations, plaintiff could only recover unpaid wages beginning from February 6, 2016 through July 11, 2017 based on the date the complaint was filed. If the court tolled the statute of limitations based on the agreement in the email, plaintiff could only recover unpaid wages beginning on November 14, 2015 through July 11, 2017. However, under either approach, the undersigned would recommend a finding that the failure to post or make available information about plaintiff's legal rights entitles plaintiff to the full three years of unpaid overtime wages legally allowed under the statute, which amounts to unpaid overtime wages for hours worked between July 11, 2014 and July 11, 2017. Accordingly, the undersigned makes no recommendation regarding the impact of counsels' tolling agreement on this action.

total amount of **$38,220.00** (((156 weeks x 35 overtime hours per week x $21.00 per hour) - (156 weeks x 35 overtime hours per week x $14.00 per hour)).

**Liquidated Damages**

In FLSA cases, employees are routinely awarded liquidated damages equal to the amount of unpaid wages. *See* 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. 1985). However, an employer can avoid the imposition of liquidated damages upon a showing "that the act or omission giving rise to [the] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA. 29 U.S.C. § 260. In this case, the employer has failed to appear and present any defense to plaintiff's claim of violations of the FLSA. (Compl. ¶¶ 11-36). Therefore, an award of liquidated damages equal to the amount of overtime wages is appropriate.

Accordingly, the undersigned recommends an award of liquidated damages in the amount of **$38,220.00**, for a total of $76,440.00 in back wages and liquidated damages.

**Attorney's Fees and Costs**

The FLSA provides for the mandatory award of attorney's fees and costs of an action. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In support of this claim, plaintiff submitted an affidavit of Matthew T. Sutter (Docket no. 11-3). This submission reflects a total of $8,075.00 in attorney's fees and $500.00 in costs. The attorney's fees consist of 19 hours of attorney time at $425.00 per hour for Matthew T. Sutter. (*Id.* ¶¶ 3-4). The costs associated with this matter include the filing fee ($400.00) and service of the complaint and summons on defendants ($100.00). (*Id.* ¶ 5)

Having reviewed this submission, the undersigned finds that plaintiff's request for attorney's fees is reasonable.[5] The undersigned also believes that the costs associated with this matter are reasonable. Based on the foregoing, the undersigned recommends a finding that plaintiff is entitled to recover **$8,575.00** in attorney's fees and costs (consisting of $8,075.00 in attorney's fees and $500.00 in costs).

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Ana Luisa Espana Estrada and against defendant Barroso, Inc., Rolando Juarez, and Karen Barroso in the amount of **$85,015.00** ($38,220.00 in unpaid overtime wages + $38,220.00 in liquidated damages + $8,075.00 in attorney's fees + $500.00 in costs).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to defendants Karen Barroso and Barroso Inc., through its registered agent Karen Barroso, at 3212 Hallran Road, Falls Church, Virginia 22041; and defendant Rolando Juarez, Guajillo, 1727 Wilson Boulevard, Arlington, Virginia 22209, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance

---

[5] This submission does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–23 (4th Cir. 2008), *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990), and *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), for establishing a reasonable fee award. Under those cases, the relevant inquiry is whether the fees charged are comparable with the prevailing market rates of other local lawyers familiar both with the skills of the fee applicants and the type of work in the relevant community; here, Northern Virginia. *Plyler*, 902 F.2d at 278. However, because defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by plaintiff concerning the reasonableness of these fees as true. The total amount of the fees requested is consistent with fees incurred in similar cases and awarded by this court.

of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 3rd day of May, 2019.

/s/ JFA
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia